UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARGES MARLEY, </br></br> Plaintiff, </br></br> v. </br></br> TRACTOR SUPPLY COMPANY, </br></br> Defendant. | ) </br> ) </br> ) </br> ) Cause No.: 1:14-cv-235 </br> ) </br> ) </br> ) </br> ) |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the defendant, Tractor Supply Company ("Defendant" or "TSC"), removes to this Court the state court action brought by the Plaintiff, Charles Marley ("Plaintiff"). The removal is based upon the following grounds:

**A.  This Court Has Removal Jurisdiction Based Upon Complete Diversity of the Parties.**

1. On December 17, 2013, Plaintiff filed his Complaint against Defendant in the Adams County Superior Court in Adams County, Indiana, under Cause No.: 01D01-1312-CT-0008, *Charles Marley v. Tractor Supply Company* ("State Court Action").

2. Plaintiff is a resident and citizen of the State of Indiana.  (*See* Complaint at ¶ 1)

3. Defendant is a corporation formed under the laws of the State of Delaware. (*See* Declaration of Benjamin F. Parrish, attached as Exhibit 1.)

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), based on the parties' diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeding $75,000.

**B.     The Amount in Controversy**

5.     In seeking removal, Defendant's burden is to show that it is more likely than not that the amount in controversy is above $75,000.  *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).  Once Defendant establishes the requisite amount in controversy, Plaintiff "can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount."  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006), reh'g *en banc* den. (2007).

6.     In his Complaint, Plaintiff purports to allege defamation under Indiana law. (*See generally*, Complaint)

7.     Without specifying any amount in controversy, Plaintiff seeks damages in the form of "compensatory damages, interest, punitive damages, for the costs of this action, and for all other relief just and proper in the premises." (Complaint ¶ 13, WHEREFORE)

8.     On April 30, 2014, the undersigned e-mailed Plaintiff's counsel to determine whether Plaintiff was willing to stipulate to the amount in controversy.

9.     Receiving no response, on June 13, 2014, the undersigned served a Request for Admission on Plaintiff:

> Admit that you are seeking damages, including but not limited to your request for attorney's fees, in the amount of $75,000 or more in this lawsuit.

10.    On July 11, 2014, Plaintiff served her response to Defendant's Request:

> **RESPONSE:  Plaintiff objects to this request on the grounds the request is not designed to narrow the issues in the case but rather is self-serving of the Defendant in an untimely effort to remove this matter out of the current Court the case is pending.  Additionally, the Plaintiff objects as the request is improper as the Plaintiff is not required to give a specific dollar amount of the damages claimed.**
>
> **As the Defendant and their counsel are aware, this matter was filed in December 2013.  Therefore, the Plaintiff further objects to this request on**

> **the grounds that the request for admission some five months after the filing of this matter is clearly designed in an effort to untimely remove this matter to federal court and nothing more.**
>
> **The Plaintiff further advises the Defendant, the request is not proper under the applicable rules of law, and therefore no response is required at this time. When the Plaintiff makes a determination of what his damages are and will be in this case, the Plaintiff will disclose the same in proper discovery, in accordance with the case management plan and any other order of the Court.**

(Plaintiff's response to the Request for Admission is attached as Exhibit 2.)

11. Plaintiff's response makes it "plausible that more than $75,000 [is] at stake." *Oshana,* 472 F.3d at 512 ("Oshana cannot benefit by playing a cat-and-mouse game, purporting to disclaim damages in excess of $75,000 but refusing to admit or stipulate that her damages will not exceed that amount.") *See also Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004) ("[P]laintiffs can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum").

12. Thus, it is more likely than not that the amount in controversy in the case at bar exceeds $75,000 because Plaintiff refuses to stipulate to the amount in controversy, raising a reasonable inference that he is seeking such amount or more.

**C.      Defendant's Removal is Timely.**

13. "The general removal statute includes two different 30-day time limits for removal." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013). First, as applicable to cases removable based on the initial pleading: "[N]otice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant

if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

14.   The second removal clock begins "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

15.   The 30-day removal clock is "triggered *only* by the defendant's receipt of a pleading or other litigation paper facially revealing that the grounds for removal are present." *Walker*, 727 F.3d at 823-24 (emphasis in original).  With respect to the jurisdictional amount in controversy, such "clock-triggering" pleading or other paper must provide a "specific, unequivocal statement from the plaintiff regarding the damages sought." *Id.* at 824.

16.   Because Plaintiff has refused to provide a "specific, unequivocal statement" regarding the damages sought, either in his Complaint or in his response to Defendant's Request for Admission, the removal "clock" has not yet begun to run in this case.  *See id.* at 825-26 (holding removal clock never started to run, where the plaintiff's summary judgment response, e-mail, and responses to defendant's request for admissions each failed to "affirmatively specify a damages figure").

17.   Therefore, Defendant's removal is timely.

18.   In accordance with 28 U.S.C. § 1446(a), a copy of all remaining process, pleadings and orders served upon Defendant is attached to this Notice as Exhibit 3.

19.   The State Court Action was filed in Adams Superior Court, in the State of Indiana.  Adams County, Indiana is situated in the Fort Wayne Division of the United States District Court for the Northern District of Indiana.  Therefore, pursuant to 28 U.S.C. § 1441(a),

venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

**D.     Conclusion**

WHEREFORE, Defendant gives notice that the action is removed to this Court.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: *s/Bonnie L. Martin*
    Bonnie L. Martin, Attorney No.:  20248-18
    111 Monument Circle, Suite 4600
    Indianapolis, Indiana  46204
    Telephone:  (317) 916-1300
    Facsimile:   (317) 916-9076
    *bonnie.martin@ogletreedeakins.com*

Attorney for Defendant
Tractor Supply Company

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2014, the foregoing *Defendant's Notice of Removal* was filed electronically.  Notice of this filing will be sent to the following parties by United States first-class mail, postage prepaid, upon:

>Sarah Graziano, Esq.
>HENSLEY LEGAL GROUP, PC
>350 East New York Street
>Suite 300
>Indianapolis, IN  46204


>By: *s/ Bonnie L. Martin*

Bonnie L. Martin, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle
Suite 4600
Indianapolis, IN 46204
Telephone: (317)916-1300
Facsimile:  (317) 916-9076
*bonnie.martin@ogletreedeakins.com*

18589652.1