UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CHARLES MARLEY,                )
                               )
         Plaintiff,            )
                               )
    v.                         )    No. 1:14 CV 235
                               )
TRACTOR SUPPLY COMPANY,        )
                               )
         Defendant.            )

# OPINION and ORDER

On December 7, 2013, plaintiff filed a complaint against defendant Tractor Supply Company ("TSC") in St. Joseph Superior Court. (DE # 1.) The complaint contained no demand for a specific dollar amount. In late February or early March of 2014,[1] TSC was served with the complaint. Via email on March 19, 2014 counsel for TSC requested the consent of plaintiff's counsel to a motion for enlargement of time to respond to plaintiff's complaint. (DE # 14-2.) Plaintiff's counsel consented in a return email the same day, and added: "Can I presume you are going to remove?" (*Id.*) Also on March 19, counsel for TSC replied: "We are still considering removal." (*Id.*)

On June 13, 2014, defendant served a request for admission ("RFA") on plaintiff, requesting that plaintiff admit that the amount in controversy exceeded $75,000. (DE # 1-2.) On July 11, 2014, plaintiff served its response, in which he stated that he would not admit the amount of damages he was seeking because the RFA was untimely and because

---

[1] The parties disagree on the precise day of service, but the specific date does not matter in this case, as explained below. It is undisputed that service was returned executed on March 3, 2014. (DE # 14-1 at 2.)

he was not required to give a specific dollar amount of the damages claimed. (*Id.*) On August 5, 2014, TSC removed the case to this district, citing 28 U.S.C. § 1332(a), which grants federal district courts original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.

Plaintiff has moved to remand the case back to state court, claiming that defendant's removal procedure was defective because defendant filed its notice of removal more than 30 days after receipt of a copy of the initial pleading. (DE # 14.) Plaintiff further claims that TSC "implicitly knew" that plaintiff was seeking damages in excess of $75,000 based on plaintiff's counsel's question regarding removal on March 19, 2014, otherwise "[w]hy else would counsel for the Plaintiff even inquire as to removal?" (*Id.* at 3.)

As plaintiff points out, 28 U.S.C. § 1446(b)(1) provides that

> [N]otice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

However, 28 U.S.C. § 1446(b)(3) also states:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

2

In such instances, the thirty-day removal clock does not begin to run until the defendant receives a "specific, unequivocal statement from the plaintiff regarding the damages sought." *Walker v. Trailer Transit, Inc.,* 727 F.3d 819, 824 (7th Cir. 2013).

In this case, when plaintiff filed his lawsuit in state court, the amount plaintiff sought to recover from defendant was uncertain. Because of this uncertainty, defendant could not – and did not – immediately remove the case to federal court. Further, neither the question "Can I presume you are going to remove?" nor plaintiff's refusal to respond substantively to TSC's RFA constitute "specific, unequivocal statement[s]" from plaintiff regarding the damages sought. *Walker,* 727 F.3d at 824. Accordingly, TSC's notice of removal was not untimely filed.

For the foregoing reasons, plaintiffs' motion to remand (DE # 14) is **DENIED**.

**SO ORDERED.**

Date: April 8, 2015

                                           s/ James T. Moody
                                           JUDGE JAMES T. MOODY
                                           UNITED STATES DISTRICT COURT